UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL A. FRIMMEL, | Case No. 3:18-cv-00144-RCJ-WGC |
| Plaintiff | ORDER |
| v. | |
| ROMEO ARANAS et al., | |
| Defendants | |

**I.    DISCUSSION**

This Court previously granted Plaintiff an extension of time file his second amended complaint on or before May 19, 2020. (ECF No. 35.)  Plaintiff now seeks an extension of time until September 16, 2020, to file his second amended complaint. (ECF No. 36 at 2).  Plaintiff asserts that he is at Stewart Conservation Camp and does not have access to law clerks or a law library.  (*Id.* at 3).

The Court grants the motion for an extension of time (ECF No. 36) in part.  The Court grants Plaintiff until Friday, July 3, 2020, to file a second amended complaint.  The Court will not grant any further extensions of time.  If Plaintiff is unable to file a second amended complaint on or before Friday, July 3, 2020, the Court will dismiss this case without prejudice and Plaintiff will have to open a new action to pursue his claims.

Plaintiff also files a motion for appointment of counsel.  (ECF No. 37).  Plaintiff argues that his claims are full of merit and that he has an abundance of evidence but that the substantive issues are too complex for him to comprehend.  (*Id.* at 2-3).  A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims.  *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).  Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel."  However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances."  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action).  "When determining whether 'exceptional circumstances' exist, a court must

1    consider 'the likelihood of success on the merits as well as the ability of the petitioner to
2    articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.*
3    "Neither of these considerations is dispositive and instead must be viewed together." *Id.*
4    In the instant case, the Court does not find exceptional circumstances that warrant the
5    appointment of counsel.  The Court denies the motion for appointment of counsel (ECF
6    No. 37) without prejudice.
7         The Court further notes that Plaintiff does not need to go to the law library to draft
8    his second amended complaint in this case.  The Court dismissed Plaintiff's first amended
9    complaint ("FAC") without prejudice because Plaintiff submitted a 637-page FAC.  (ECF
10   No. 33).  The Court noted that Plaintiff's FAC failed to comply with the Federal Rules of
11   Civil Procedure because it was neither short and plain and may have raised multiple
12   unrelated claims in a single lawsuit.  (*Id.* at 3-4).  The Court notes that Plaintiff's FAC
13   contained hundreds of pages of exhibits.  As the screening order discussed, Plaintiff does
14   not need to file exhibits at this stage of the litigation.  (*Id.* at 4).  Again, as discussed in
15   the FAC's screening order, Plaintiff's SAC only need to contain simple, concise, and direct
16   allegations demonstrating that Plaintiff is entitled to relief.  Plaintiff should follow the
17   directions in the form complaint and describe exactly what each specific defendant, by
18   name, did to violate his rights in a manner that is far less than 637 pages.

19   **II.     CONCLUSION**

20        For the foregoing reasons, it is ordered that the motion to extend time (ECF No.
21   36) is granted in part.
22        It is further ordered that Plaintiff will file his second amended complaint on or before
23   Friday, July 3, 2020.
24        It is further ordered that no further extensions of time will be granted in this case
25   to file a second amended complaint.
26        It is further ordered that, if Plaintiff fails to timely file a second amended complaint,
27   the Court will dismiss this action without prejudice and close the case.
28        ///

It is further ordered that the motion for appointment of counsel (ECF No. 37) is denied without prejudice.

DATED: May 13, 2020.

*William G. Cobb*
UNITED STATES MAGISTRATE JUDGE